**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of the West, | No. CV-20-02111-PHX-ESW |
| Plaintiff, | **REPORT AND RECOMMENDATION AND ORDER** |
| v. | |
| Cruisers Yachts 540 Coupe 2013, Hull Identification No. CRSCN102D213, et al., | |
| Defendants. | |

**TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

On October 30, 2020, Plaintiff filed its Verified Complaint (I) To Foreclose First Preferred Ship Mortgage; (II) For Payment of Indebtedness; and (III) For Related Relief (Doc. 1). Damages requested in the Verified Complaint are clearly set forth in a sum certain supported by documentation attached as Exhibits to the Verified Complaint. Plaintiff filed an Agreement to Magistrate Judge Jurisdiction (Doc. 8). On November 14, 2020, service was executed upon Defendant Dean Michael Whitefield by personal service through a licensed process server in compliance with Fed. R. Civ. P. 4(e)(2) (Doc. 6). Defendant Whitefield failed to file an answer or other responsive pleading in accordance with Fed. R. Civ. P. 12. On January 29, 2021, Plaintiff filed a Request for Entry of Default (Doc. 9). Plaintiff properly served Defendant Whitefield with a copy of the Request for Entry of Default (Doc. 10). On February 3, 2021, the Clerk's Entry of Default was filed pursuant to Fed. R. Civ. P. 55(a) (Doc. 12). The Defendant has not cured the default.

Pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 13). No response has been filed, and the time to do so has passed. Because Defendant has not consented to Magistrate Judge jurisdiction, the undersigned issues this Report and Recommendation, recommending that the Court grant Plaintiff's Motion for Default Judgment (Doc. 13) and enter default judgment against Defendants as set forth herein.

## I. DISCUSSION

"After entry of a default, a court may grant a default judgment on the merits of the case." *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1070 (D. Ariz. 2006). In determining whether to grant default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The Court analyzes these factors taking as true the allegations in the complaint, except those relating to damages." *Fed. Trade Comm'n v. Money Now Funding LLC*, 2015 WL 11120847, at *1 (D. Ariz. July 1, 2015).

The undersigned finds that each factor weighs in favor of granting a default judgment to Plaintiff based upon the facts of the case set forth below.

In October 2015, Defendant Whitefield purchased a 2013 Cruisers Yachts 54-foot 540 Coupe motorized sailing yacht, identified as Hull Identification No. CRSCV102D213 ("the Vessel") for $820,000.00. In connection with his purchase, Defendant Whitefield executed a Retail Installment Contract and Security Agreement ("the Agreement") in which Plaintiff's predecessor-in-interest made a loan to the Defendant for the original principal amount of $736, 395.00. (Doc. 1 at 3). Pursuant to the Agreement, Defendant Whitefield agreed to repay the principal amount of $736,395.00, plus interest at the rate of 4.99% per annum, in monthly installments of $4,855.82 for 240 consecutive months starting on December 12, 2015. (Doc. 1 at 4). As part of the Agreement, Defendant

expressly granted Plaintiff a "security interest" in the Vessel, including "all accessions, attachments, accessories, and equipment placed in or on the [Vessel]." (Doc. 1-2 at 2-3). The Vessel was properly registered with the U.S. Coast Guard for the amount of $820,000.00.

The parties' Agreement was secured by a Preferred Mortgage ("the Mortgage") which was filed and recorded with the U.S. Coast Guard in substantial compliance with 46 U.S.C. § 31321 et seq. (Doc. 1-2 at 5-9). It is undisputed that the Mortgage has the status of a First Preferred Ship Mortgage on the Vessel pursuant to the requirements of the Ship Mortgage Act of 1920. (Doc. 1-2 at 11-12).

On February 27, 2020, Defendant Whitefield ceased making payments due under the Agreement. Plaintiff sent Defendant Whitefield a Notice of Default, declaring the entire indebtedness due, demanding immediate payment. (Doc. 1-2 at 14-17). Defendant Whitefield did not cure his default. Plaintiff has taken possession of the Vessel and intends to liquidate the Vessel, offsetting any proceeds received from the liquidation against the amounts due and owing under the loan. Monthly payments due since February 27, 2020 plus late fees, charges, and attorney fees as of October 8, 2020 totaled $657,781.15. (Doc. 13 at 10).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED** (Doc. 13).

**IT IS FURTHER RECOMMENDED** that Judgment be entered in favor Bank of the West ("Plaintiff") and against Defendant Whitefield as follows:

1. The principal amount of $657,781.15 through October 8, 2020;

2. Pre-judgment interest on the foregoing amount at the rate of 4.99% per annum from October 8, 2020 through the date the Judgment is entered;

3. Post-judgment interest on the foregoing amounts at the rate of 4.99% per annum from the date of the Judgment until paid in full.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded its reasonable attorneys' fees, costs, and expenses related to enforcement of the Agreement.

**IT IS ORDERED** that Plaintiff file a Motion for Attorneys' Fees and Non-Taxable Costs and a Bill of Costs no later than fourteen (14) days from entry of the Judgment.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 9th day of June, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge